IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN GACEK | ) | FILED: JULY 13, 2008 |
| | ) | 08CV3968 |
| Plaintiff, | ) | JUDGE CONLON |
| | ) | MAGISTRATE JUDGE NOLAN |
| v. | ) | No.: |
| | ) | YM |
| AMERICAN AIRLINES, INC. | ) | Judge: |
| | ) | |
| Defendant. | ) | Trial by Jury Demanded |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JOHN GACEK, by and through his attorney, James T. Foley and the FOLEY LAW GROUP, LLC., and complaining of the Defendant, AMERICAN AIRLINES, INC., (hereinafter AA), states as follows:

### PARTIES

1. The Plaintiff, John Gacek, is and was on January 25, 2006, and at all pertinent times, a resident of the City of Elmwood Park, County of Cook and State of Illinois.

2. Defendant, AA is a Delaware Corporation. It is a resident and citizen of the State of Texas, and its principle place of business is Dallas/Ft. Worth, Texas

3. Defendant, AA is a Corporation operating as a commercial airline, engaged in the transportation of passengers and freight throughout the United States of America and certain Foreign Nations.

4. Plaintiff, John Gacek was employed by Defendant AA from September 02, 1986 until his termination January 25, 2006 as a Fleet Service Clerk at Defendant's O'Hare Airport facility.

## JURISDICTION

5.     Jurisdiction of this court is invoked under the provisions of Title 28, U.S.C. Section 1332 (a) (1).

6.     The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

## FACTS

7.     Plaintiff, John Gacek began his employment with Defendant AA on September 02, 1986 as a Fleet Service Clerk based at O'Hare Airport in Chicago, Illinois and he remained in that position until he was terminated by Defendant AA on January 25, 2006.

8.     From September 02, 1986 until the date of his termination by AA, Plaintiff performed his duties as a Fleet Service Clerk in a proficient and skilled manner.

9.     Prior to January 25, 2006, Plaintiff was evaluated on a regular basis by his employer, his supervisors and management personnel, and received satisfactory evaluations during his employment with Defendant AA.

10.    On December 22, 2005 at or about 1:00 p.m. while performing his duties as a Fleet Service Clerk, within the scope of his employment with Defendant, AA, Plaintiff sustained an injury to his left hand, fingers and thumb.

11.    Subsequent to injuring his left hand, thumb and fingers on December 22, 2005, Plaintiff exercised his rights under the Illinois Workers Compensation Act by seeking medical treatment at the University of Illinois/Chicago Medical Center located at O'Hare Airport on the day following his injury, December 23, 2005, at the direction of and under the authority of his employer, AA.  Additionally, Plaintiff further exercised his

rights under the Illinois Workers Compensation Act by seeking treatment from his personal physician. On the date of his injury, December 22, 2005 and at his subsequent examination by his personal physician, Plaintiff was placed on physical restrictions by both UIC Medical Center and his personal physician that did not allow him to return to his position of Fleet Service Clerk.

12. Pursuant to Defendant AA's policies and procedures, on December 23, 2005, Plaintiff further exercised his rights under the Illinois Workers Compensation Act by reporting his injury to his employer, AA, and completing an "American Airlines Accident Notification Report #449255".

13. Subsequent to his injury of December 22. 2006, and again, in exercising his rights under the Illinois Workers Compensation Act, Plaintiff reported his injury and filed a Workers Compensation Claim with Defendant AA's Third Party Administrator Specialty Risk Services (SRS), the entity responsible for Defendant AA's Workers Compensation Act Claims, and he spoke to SRS representative Barb Wagner, who assigned his Illinois Workers Compensation Claim a "claim number" of YMN01736C.

14. On January 25, 2006, while still undergoing active treatment for the injuries he sustained to his left hand, thumb and fingers on December 22, 2005, an internal investigation was conducted by Defendant AA. Following the internal investigation conducted January 25, 2006 a "Final Advisory" was issued and Plaintiff John Gacek's employment with Defendant AA was terminated after over 19 years of service.

15. In Defendant AA's "Final Advisory", Defendant alleged the Plaintiff was terminated on January 25. 2006 for violation of AA Rule number 16, "Misrepresentation

of facts or falsification of records is prohibited"; and, AA Rule number 34, Dishonesty, including theft. In fact, these allegations by Defendant AA were instead a pretext for terminating Plaintiff's employment with Defendant AA in retaliation for pursuing his rights under the Illinois Workers Compensation Act, and because he was a 53 year old, 19 year employee of Defendant American Airlines; in violation of the Illinois Workers Compensation Act, (820 ILCS 305/1, et seq.).

16. The said termination of Plaintiff was directed by the Defendant, its management and agents, acting in concert in retaliation for the Plaintiff's protected activities involving the pursuant of his rights under the Illinois Workers Compensation Act.

17. At all times mentioned herein, the Plaintiff's activities, in pursuant of his rights under the Act, were protected by the Public Policy of the State of Illinois and his termination in retaliation for his pursuant of his rights under the Act was in violation of said Illinois Public Policy.

18. Therefore said termination was intentionally done, with a deliberate and reckless disregard for the Plaintiff's rights under the Illinois Common Law and the Illinois Workers Compensation Act, (820 ILCS 305/1, et.seq.)

19. As a proximate result of his termination, Plaintiff John Gacek has suffered past and future pecuniary losses in the form of wages, health benefits, retirement benefits, travel benefits and other fringe benefits. In addition, the loss of enjoyment of life, emotional pain, suffering and anguish, inconvenience, humiliation and the loss of self respect.

WHEREFORE, the Plaintiff, John Gacek demands judgment against the Defendant American Airlines Inc., for compensatory damages in an amount in excess of $100,000.00 and punitive damages in an amount to be determined by the Jury at the Trial of this matter, but not less than $1,000,000.00 excluding interest and costs, and therefore brings this suit.

    Respectfully submitted,

    John Gacek


    BY: s/ James T. Foley
        Attorney for Plaintiff

James T. Foley
FOLEY LAW GROUP, LLC.
580 Oakmont Lane
Westmont, Illinois 60559
(630) 908-3508
(630) 908-3509 fax
jfoley@foleylawgroup.com

6