IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN GACEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 08 C 3968 |
| v. | ) |
| | ) Suzanne B. Conlon, Judge |
| AMERICAN AIRLINES, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

In this diversity action, John Gacek sues his former employer American Airlines, Inc. for retaliatory discharge under Illinois state law. He claims American Airlines fired him for exercising his rights under the Illinois Workers' Compensation Act ("Act"), 820 ILCS 305/1 *et seq*. American Airlines moves for summary judgment. For the reasons set forth below, the motion is granted.

## BACKGROUND

### I. Local Rule 56.1

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. The movant must submit a statement of material facts, not to exceed 80 short numbered paragraphs; each paragraph must reference affidavits, parts of the record, and other supporting materials relied upon. Local Rule 56.1(a)(3). The opposing party must respond to each numbered paragraph in the movant's statement including, in the case of disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon. Local Rule 56.1(b)(3). Failure to comply with this rule results in

admission of the facts. Local Rule 56.1(b)(3)(C); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). The opposing party may also submit a statement of supplemental material facts, not to exceed 40 short numbered paragraphs, that require summary judgment denial. Local Rule 56.1(b)(3)(C).

Gacek argues some of American Airlines' statements should be stricken because they violate the short paragraph requirement, and quote, rather than reference, evidence. *See, e.g.*, Pl. Resp. ¶¶ 9-10, 12-15, 17, 20, 59, 65, 68; *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000) (Castillo, J.) (Rule 56.1 requires short paragraphs, one or two individual allegations). The challenged statements are limited to one or two allegations; quotations to evidence do not require the statements be stricken.

## II. Background

Gacek was a fleet service clerk for American Airlines from September 2, 1986 to January 25, 2006. Def. Facts ¶ 4; Pl. Facts ¶ 1. Gacek suffered seven or eight injuries at work during the course of his employment. Def. Facts ¶ 5. Most recently, on December 22, 2005, Gacek injured his finger while unloading baggage. *Id.* ¶ 23. He reported the injury to his supervisor. *Id.* The next day, he received medical treatment at the on-site clinic. He was diagnosed with a sprained finger, released to work on light duty with physical restrictions, and instructed to wear a splint. *Id.* ¶ 25; Def. Ex. C(11). Gacek performed light duty work on his next scheduled work days, December 24 and 28, 2005. Def. Facts ¶¶ 27-28. He received follow-up medical treatment at the clinic on December 28, 2005; the doctor released Gacek to work with continued restrictions, and recommended he wear the splint. *Id.* ¶¶ 29-30; Def. Ex. C(12).

On December 29, 2005, Gacek left a telephone message on the sick call line that he would not be at work. Def. Facts ¶ 31. Employees are not required to identify their illness. *Id.* ¶ 22. Lost time department employee Donna Campeglia telephoned Gacek regarding the message, but he did not answer the telephone. Gacek states Campeglia telephoned the wrong number – Gacek's girlfriend's number, not his number. *Id.* ¶ 32; Pl. Resp. ¶ 32. Later that day, Campeglia told airport services manager Debbie Havens that Gacek had not answered the telephone or returned her message. Def. Facts ¶ 33.

Havens contacted an investigative firm to surveil Gacek's activities; she told the investigative firm that Gacek had been missing work sporadically. Pl. Facts ¶ 21. But Gacek had not called in sick since June 16, 2004. Pl. Facts ¶ 23. Havens testified she initiated surveillance because Gacek was absent during a holiday period, he failed to answer or return Campeglia's telephone call, and he recently had been released to work on light duty. Def. Facts ¶ 34. Havens initiated investigations of four other employees who missed work during the same time period for on-duty injuries, family and medical leave, and sickness. Gacek was the only employee terminated. *Id.* ¶ 36; Def. Ex. H: Havens Aff.

On December 30 and 31, 2005, Gacek again left a telephone message on the sick call line that he would not be at work. Def. Facts ¶ 37. Surveillance showed Gacek running errands for several hours and eating at a restaurant on December 31, 2005. *Id.* ¶ 39. He carried bags in both hands and did not wear a splint. *Id.*

Gacek did not return to work on his next scheduled work day, January 4, 2006, because he had an appointment for his sprained finger with his personal physician. *Id.* ¶ 42. His physician directed that he not return to work for at least two weeks. *Id.* ¶ 43. On January 4,

3

2006, Gacek informed a Specialty Risk Services representative (American Airlines' third-party administrator for workers' compensation injuries) that he was sick with the flu on December 29, 30, and 31, 2005. *Id.* ¶ 44. On January 18, 2006, Gacek told Campeglia that he was sick with the flu on these dates. *Id.* ¶ 46. The information was relayed to Havens. *Id.* ¶¶ 44, 47.

Havens directed lost time manager Michael Vance to conduct a "29F investigation" – an investigation under Gacek's collective bargaining agreement that could result in discipline or dismissal. *Id.* ¶¶ 49-50. At the January 25, 2006 hearing, Gacek initially stated he rested on his sick days, took Theraflu for his flu symptoms, and may have gone to the store on one of the days but could not recall. Def. Ex. C(20) at 4. He stated he went to a friend's house for dinner on New Year's Eve, did not specifically recall going out that day for anything else, but may have gone to the store. *Id.* at 4, 6. He said he felt better by mid-New Year's Eve day. *Id.* at 6. Gacek was questioned about the surveillance; he responded: "Pretty hard to explain. I called in sick, but ended up doing other things as well." *Id.* After the hearing, Gacek made a written statement that on December 31, 2005, he "was feeling better, but still had some flu like symptoms," ran multiple errands, and needed time off because of his hand injury, but "was not sick in the flu sense." Def. Ex. C(21).

Vance consulted human resources representative Kim Roush and terminated Gacek. Def. Facts ¶ 62. American Airlines informed Gacek he was terminated because he misrepresented the facts surrounding his sick calls on December 29-31, 2005 in violation of American Airlines' rules against dishonesty and misrepresentation of facts, inaccurately conveyed his physical capabilities, and failed to comply with the physical restrictions imposed after the finger injury.

4

*Id.* ¶¶ 61-64; Def. Ex. C(22). In October 2008, Gacek filed a claim with the Illinois Workers' Compensation Commission for the December 22, 2005 finger injury. Def. Facts ¶ 6.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating that it is entitled to summary judgment. *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004) (citing *Celotex Corp.*, 477 U.S. at 323). Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *See Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771 (7th Cir. 2002). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### II. Retaliatory Discharge

American Airlines argues it fired Gacek because he lied about his reason for taking sick leave and misrepresented facts, not because he exercised his rights under the Act.[1] Federal courts

---

[1] American Airlines does not base its summary judgment motion on the additional reasons it provided for Gacek's termination – inaccurate description of physical capabilities and failure to comply with physical restrictions.

5

apply the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), burden-shifting approach to retaliatory discharge claims. *See, e.g., Hiatt v. Rockwell Int'l Corp.*, 26 F.3d 761, 768 (7th Cir. 1994). Under the burden-shifting approach, in the absence of direct evidence, Gacek may establish a *prima facie* case of retaliation by proving that he is a member of a protected class; his job performance met American Airlines' legitimate expectations; he suffered an adverse employment action; and a similarly situated employee outside of his protected class was treated more favorably. *Id.* If he demonstrates a *prima facie* case, the burden shifts to American Airlines to articulate a legitimate, nondiscriminatory reason for firing him. *Id.* If American Airlines satisfies this burden of production, he must establish there is a genuine issue of material fact as to whether American Airlines' reason is merely a pretext in order to survive summary judgment. *Id.*

But Gacek's retaliatory discharge claim is based on Illinois law. Under the Illinois framework, he must show he was an American Airlines employee; he exercised his rights under the Act; and his discharge was causally connected to his exercise of workers' compensation rights. *Clemons v. Mech. Devices Co.*, 704 N.E.2d 403, 406 (Ill. 1998). The Illinois Supreme Court rejected application of the burden-shifting approach to retaliatory discharge claims because it would expand the tort by eliminating the causation requirement. *Id.* at 407-08.

The Seventh Circuit has not resolved whether, under the *Erie* doctrine, a federal court exercising diversity jurisdiction over a retaliatory discharge claim under the Act should apply the Illinois framework or the burden-shifting approach. *McCoy v. Maytag Corp.*, 495 F.3d 515, 521 (7th Cir. 2007). *But see Dotson v. BRP U.S. Inc.*, 520 F.3d 703, 707 (7th Cir. 2008) (applying Illinois framework without discussion). American Airlines argues that under either analysis,

6

Gacek fails to establish a genuine issue of material fact that he was fired for exercising his workers' compensation rights. He presents no direct evidence of retaliation, and fails to establish a *prima facie* case under *McDonnell Douglas* because he does not present evidence that a similarly situated employee outside his protected class was treated more favorably. Gacek states he proceeds only under the Illinois framework.

American Airlines concedes Gacek was an employee. And it concedes for purposes of its summary judgment motion that he exercised his rights under the Act by reporting the injury and seeking medical treatment even though he was terminated before actually filing a workers' compensation claim.

The only dispute is the causal link between Gacek's exercise of his workers' compensation rights and his termination. Gacek must demonstrate that his termination was motivated by an unlawful intent to retaliate against him for exercising his workers' compensation rights. *Dotson*, 520 F.3d at 707; *Clemons*, 704 N.E.2d at 406. He does not meet the causation requirement if American Airlines establishes a valid, nonpretextual basis for discharging him. *Dotson*, 520 F.3d at 707; *Clemons*, 704 N.E.2d at 406.

American Airlines argues it fired Gacek because he lied in violation of company rules. It is undisputed Gacek informed American Airlines' representatives that he could not work on December 29, 30, and 31, 2005 because he had the flu. And Gacek admits he "was not sick in the flu sense." Def. Ex. C(21). American Airlines' rules of conduct provide dishonesty is grounds for immediate dismissal. Def. Ex. C(1) at 1141. Lying constitutes a valid basis for firing an employee. *Carter v. Tennant Co.*, 383 F.3d 673, 678-79 (7th Cir. 2004). Gacek argues his finger injury provided a basis for not coming to work on the days in question. But it is

7

undisputed that Gacek said he could not work because of the flu.[2] Gacek contends he was entitled to progressive discipline for missing work under American Airlines' attendance policy. American Airlines' attendance policy and rules of conduct, however, provide dishonesty is grounds for *immediate* dismissal. Def. Ex. C(1) at 1141; Def. Supp. Ex. B(4). Viewing the evidence in the light most favorable to Gacek and drawing all reasonable inferences in his favor, he presents no genuine issue of material fact that the basis for his discharge – dishonesty and misrepresentation – was invalid.

Gacek argues the stated reason for his termination was a pretext; he was fired because he exercised his workers' compensation rights. To establish pretext, Gacek must demonstrate that American Airlines did not honestly believe its purported reason for firing him and is lying to "'cover its tracks.'" *McCoy*, 495 F.3d at 522 (citation omitted). Gacek admits that Vance terminated him because she believed he lied about being sick. Def. Facts ¶¶ 68-69; Pl. Resp. ¶¶ 68-69. Indeed, Gacek testified that "the termination was because that's what she believed that I had called in sick and was not honest about my sickness." Def. Ex. C: Gacek Dep. Tr. at 198.

Gacek argues his admission regarding *Vance's* belief is not dispositive because she was not the sole decision-maker; human resources representative Rousch participated in the decision to terminate him. Even if his admission regarding Vance's belief is discounted, Gacek presents no genuine issue of material fact that the stated reason for his termination was pretextual. Gacek

---

[2] American Airlines states Gacek was required to contact his injury counselor and submit a doctor's note that the absence was injury-related, citing an affidavit from lost time department employee Erica Aviles. Def. Ex. K. Gacek responds that the affidavit should be stricken because Aviles was not disclosed as a witness in discovery. The argument need not be addressed because the court does not consider the affidavit material in resolving American Airlines' summary judgment motion.

8

contends the timing of his termination – a month after his finger injury – establishes retaliation. "Suspicious" timing alone does not establish a genuine issue of material fact. *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 851 (7th Cir. 2008). And the record does not support an inference of suspicious timing. Gacek was injured at work many times over the course of his almost 20-year employment with American Airlines, but was not terminated until 2006.

Gacek argues initiation of the surveillance is suspect, and a reasonable inference may be drawn that surveillance was initiated because he exercised his workers' compensation rights. He cites airport services manager Havens' initial incorrect statement about Gacek's sporadic attendance record. Havens nevertheless testified she initiated the investigation because of Gacek's absence during the New Year's holiday period, his failure to answer and return Campeglia's telephone call, and his sick call despite light duty assignment status. She initiated surveillance of other employees as well. Gacek does not refute this testimony. And Havens' decision to *investigate* Gacek is distinct from the decision to *terminate* Gacek. Gacek presents no evidence Havens participated in the decision to terminate Gacek. Her decision to initiate surveillance does not establish Gacek's termination for dishonesty and misrepresentation is pretextual.

Viewing the evidence in the light most favorable to Gacek and drawing all reasonable inferences in his favor, Gacek presents no genuine issue of material fact that the stated reason for his termination was pretextual. He does not establish the exercise of his workers' compensation rights caused his termination. American Airlines' argument that Gacek fails to provide sufficient evidence to support his punitive damages claim need not be addressed.

9

## CONCLUSION

American Airlines' summary judgment motion is granted. Gacek fails to establish a *prima facie* case of retaliation, or that his discharge was causally connected to exercising his workers' compensation rights.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

July 29, 2009